IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BRAYLON COULTER, #1610041** | § | |
| Petitioner, | § | |
| | § | |
| v. | § | 3:14-CV-3716-M-BK |
| | § | |
| **WILLIAMS STEPHENS, Director TDCJ-CID,** | § § | |
| Respondent. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, the *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2254 was automatically referred to the United States Magistrate Judge. For the reasons that follow, it is recommended that the petition be summarily dismissed.

**I. BACKGROUND**

On February 9, 2009, Petitioner pled guilty to robbery and was placed on a six-year term of deferred adjudication community supervision, also known as deferred adjudication probation. *State v. Coulter*, No. F08-39425 (Criminal District Court No. 3, Dallas County Feb. 9, 2009). On November 12, 2009, the trial court revoked the probation, found Petitioner guilty, and sentenced him to ten years' imprisonment. *Id.* Contemporaneously, Petitioner pled guilty to aggravated robbery with a deadly weapon and was sentenced to ten years' imprisonment to run concurrently. *State v. Coulter*, No. F09-39327 (Criminal District Court No. 3, Dallas County Feb. 9, 2009). Petitioner did not appeal, Doc. 3 at 3, and the Texas Court of Criminal Appeals subsequently rejected his state habeas applications. *See Ex parte Coulter*, Nos. WR81, 310-02 & WR81, 310-03 (Tex. Crim. App. Sep. 17, 2014) (denying state habeas relief).

On October 17, 2014, Petitioner filed this federal petition, alleging that his guilty plea was involuntary, induced, and coerced; counsel rendered ineffective assistance in connection with this guilty plea; the trial judge abused her discretion; and trial counsel rendered ineffective assistance in failing to notify the court that Petitioner wished to appeal.  Doc. 3 at 6-7.  As this federal petition appeared untimely filed, the Court directed Petitioner to respond regarding the application of the one-year limitations period.  Doc. 7. [1]

## II. ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for state inmates seeking federal habeas corpus relief, which the Court may consider *sua sponte*.  See 28 U.S.C. § 2244(d); Kiser v. Johnson, 163 F.3d 326, 328-329 (5th Cir. 1999).

Petitioner filed his federal petition well beyond the one-year limitations period.  *See* 28 U.S.C. § 2244(d)(1)(A) (a state prisoner ordinarily has one year to file a federal habeas petition, starting from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review").  Since he did not pursue a direct appeal, his convictions became final by December 12, 2009 -- thirty days after the November 12, 2009 judgments.  *See* Tex. R. App. P. 26.2(a)(1).  Thus, the one-year period commenced on December 13, 2009, and expired by Sunday December 12, 2010, extended to Monday December 13, 2010.  Because Petitioner did not file his state applications until February 25, 2013 -- more than two years after the one-year period expired -- he is not entitled to statutory tolling under 28 U.S.C. §

---

[1] The dates listed were verified through information available on the state court Internet web pages (Dallas County and the Texas Court of Criminal Appeals (TCCA)) and the electronic state habeas record obtained through the TCCA.

2244(d)(2). See Scott v. Johnson, 227 F.3d 260, 263 (5th Cir. 2000) (state habeas application filed after one-year period expired does not statutorily toll limitations period). [2]

Relying on section 2244(d)(1)(D), Petitioner claims that he could not have discovered he factual predicate of his last claim -- that counsel had not filed a direct appeal -- until March 2014. Doc. 7 at 3. However, in his February 2013 state applications, Petitioner acknowledged that he had not pursued a direct appeal. Moreover, sections 2244(d)(1)(B) and (C) are inapplicable here as Petitioner does not appear to base his claims on a state-created impediment or any new constitutional right. Accordingly, this federal petition (deemed filed as of October 9, 2014) is clearly outside the one-year statute of limitations absent equitable tooling.[3]

Petitioner does not request equitable tolling, and raises instead various claims of ineffective assistance of counsel. Doc. 7 at 1-11. Nevertheless, his filings, even when liberally construed in accordance with his *pro se* status, do not present "rare and exceptional circumstances" warranting equitable tolling. Lawrence v. Florida, 549 U.S. 327, 336 (2007) (to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights

---

[2] The state applications are deemed filed on February 25, 2013, the date on which Petitioner signed them and likely also handed them to prison officials for mailing. See Richards v. Thaler, 710 F.3d 573, 579 (5th Cir. 2013) (holding prison mailbox rule applies to state habeas application). In addition, insofar as Petitioner's claims relate to his initial guilty plea and placement on deferred adjudication probation, the limitations period commenced in March 2009 -- from the date the deferred-adjudication order became final – and expired by March 2010. See Caldwell v. Dretke, 429 F.3d 521, 528-529 (5th Cir. 2005) (state court order of deferred adjudication community supervision is a final judgment that triggers the federal habeas limitations period under section 2244(d)(1)(A)).

[3] The *pro se* federal petition is not dated. Doc. 3 at 10. However, it is deemed filed on October 9, 2014, the date on which Petitioner signed the brief and motion to proceed *in forma pauperis* and obtained a certificate of trust account, which he most probably placed in the prison mail system on the same date along with his federal petition. See Doc. 4 at 33; Doc. 5 at 2, 4; Rule 3(d) of the Rules Governing Section 2254 Proceedings ("mailbox rule" applicable to inmates who use jail/prison's internal mailing system).

diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing."). Unexplained delays do not evince due diligence or rare and extraordinary circumstances. *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999) ("[E]quity is not intended for those who sleep on their rights.") (quotation and quoted case omitted); *Coleman v. Johnson*, 184 F.3d 398, 403 (5th Cir. 1999) ("In order for equitable tolling to apply, the applicant must diligently pursue . . . [habeas] relief."). Furthermore, Petitioner's *pro se* status and unfamiliarity with the law do not suffice as a basis for equitable tolling. *See Felder v. Johnson*, 204 F.3d 168, 171 (5th Cir. 2000) ("proceeding *pro se* is not a 'rare and exceptional' circumstance because it is typical of those bringing a § 2254 claim."); *Turner v. Johnson*, 177 F.3d 390, 391-392 (5th Cir. 1999) (*per curiam*) ("neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling.").

In support of his claim of ineffective assistance of counsel, Petitioner asserts that trial counsel was deficient in failing to appeal and/or advise him of his appellate rights. Doc. 7 at 9-10. The ineffective assistance of trial counsel, however, has no bearing on equitable tolling because it occurred before Petitioner's conviction became final. As the United States Court of Appeals for the Fifth Circuit has held:

> [w]hether [petitioner] had effective assistance of counsel on direct appeal in state court is not relevant to the question of tolling the AEDPA's statute of limitations. A criminal defendant has a right to effective assistance of counsel on a first appeal as of right. An alleged violation of that right does not toll the AEDPA's statute of limitations.

*Molo v. Johnson,* 207 F.3d 773, 775 (5th Cir.2000); *see also, Cousin v. Lensing,* 310 F.3d 843, 849 (5th Cir. 2002) (attorney's erroneous interpretation of the limitations provision was not an excuse for timely filing a section 2254 petition; "mere attorney error or neglect is not an

extraordinary circumstance such that equitable tolling is justified."). Moreover, while Petitioner states he relied on counsel to appeal, Doc. 7 at 2, 4-8, 10-1, he does not premise his claim on any misrepresentation or misinformation received from counsel that contributed to the lapse of the one-year statute of limitations. *Cf. United States v. Wynn*, 292 F.3d 226, 230 (5th Cir. 2002) (attorney's misrepresentations may be grounds for equitable tolling); *Vineyard v. Dretke,* 125 Fed. Appx. 551, 553 (5th Cir. 2005) (unpublished per curiam) (equitable tolling is warranted when an attorney affirmatively misinforms his client that his PDR is still pending and thus causes him to miss the limitations period); *Sledge v. Dretke,* 2005 WL 1017847, *4 (N.D.Tex. Apr 26, 2005)*, recommendation accepted, 2005 WL 1214672 (N.D. Tex. 2005) (ineffective assistance of counsel that contributes to lapse of limitations period qualifies as an extraordinary circumstance for equitable tolling).

Next, Petitioner contends the trial judge had "the legal duty and responsibility" to advise him of his appellate rights when counsel failed to do so. Doc. 7 at 10. However, that claim also accrued before Petitioner's conviction became final and, thus, has no bearing on equitable tolling.

Accordingly, the Court concludes that Petitioner cannot carry his burden of establishing that equitable tolling is warranted in this case. *See Alexander v. Cockrell*, 294 F.3d 626, 629 (5th Cir. 2002) (party seeking equitable tolling has burden of showing entitlement to such tolling).

## III. RECOMMENDATION

For the foregoing reasons, it is recommended that the petition for writ of habeas corpus be **DISMISSED** with prejudice as barred by the one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).

SIGNED April 28, 2015.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE